```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JAMES D. LYONS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:05-405-JMH |
| | ) |
| v. | ) |
| | ) |
| CHARLES G. RAY, M.D., | ) **MEMORANDUM OPINION AND ORDER** |
| | ) |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

Before the Court is the motion of Plaintiff James D. Lyons ("Lyons") to reconsider the Court's order denying him leave to amend his complaint [Record No. 57]. Judge Karl S. Forester decided this motion to amend before transferring the case. Defendant Charles G. Ray, M.D. ("Dr. Ray") responded to this motion [Record No. 60], to which Lyons replied [Record No. 62]. Fully briefed, this matter is ripe for review.

**I.   Standard of Review**

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) should be granted only where "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). The motion does not serve as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a party should not use this motion "to raise arguments

which could, and should, have been made before judgment issued." *Id.* (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

In his motion, Lyons argues that Judge Forester relied on erroneous facts, which led to the improper application of legal standards.

**II.  Analysis**

Judge Forester denied Lyons's motion to amend because allowing amendment would result in undue delay. The pertinent fact relied upon by Judge Forester in reaching this conclusion was that Lyons had filed his original complaint in the United States District Court for the Northern District of Ohio two years before filing the motion to amend in this Court. The time-line submitted by Lyons does not dispute this fact. In reviewing this order, the Court is not persuaded that Judge Forester relied upon erroneous facts.

Though not discussed by Judge Forester in his denial of Lyons's motion to amend, this Court notes the statute of limitations problems that Lyons would face in attempting to bring the claims against the federal employees who treated him at the Federal Medical Center (FMC) Lexington. As explained in *Foman v. Davis*, 371 U.S. 178 (1962), a court may deny a motion to amend if allowing amendment would be futile. *Id.* at 182. In Count II of his proposed amended complaint, Lyons accuses the individual federal employees at FMC Lexington of violating his

2

constitutionally guaranteed rights pursuant to the Eighth Amendment. There is a one-year statute of limitations on these *Bivens* claims against the federal employees. *See McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir. 1987) (directing federal courts to refer to state statute of limitations applicable to personal injury actions in deciding whether *Bivens* claims are time-barred).

As stated in his complaint, Lyons was incarcerated at FMC Lexington from January 30, 2001 until July 5, 2001. Lyons did not file his complaint in the United States District Court for the Northern District of Ohio until July 31, 2003, twenty-four months after his departure from FMC Lexington. Although Lyons moved to amend his complaint two months after he filed his claim against Dr. Ray in this Court, he waited two years after he left FMC Lexington to file his original complaint, and the case was over two years old when he filed his motion to amend. Therefore, leave to amend, in this case, would be futile.

In his motion to amend, Lyons claimed that the United States and Commonwealth Urology[1] are indispensable parties. This Court cannot agree. Lyons does not provide any argument for why these parties are indispensable. Other than simply stating in his motion

---

[1] In his motion for reconsideration, Lyons states that he does not challenge the denial of his motion to amend with regard to Commonwealth Urology. Yet in his reply, due to Dr. Ray's response, he resubmits his argument that this entity is an indispensable party.

to amend that "[c]omplete [r]elief is unavailable in the absence of Commonwealth Urology," "Defendant United States is required for adjudication of this complaint," and "[t]he aforementioned parties are necessary and indispensable for complete relief to be obtained," Lyons does not support these statements with any reasoning, and the Court cannot make the arguments for him. Furthermore, Lyons cannot use his motion for reconsideration to bring forth the arguments he should have made in his motion to amend.

### III. Conclusion

This Court will not grant Lyons's motion to reconsider, as Judge Forester's denial of his motion to amend his complaint was sound.

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion to reconsider [Record No. 57] be, and the same hereby is, **DENIED.**

This the 26th day of February, 2007.



**Signed By:**

*Joseph M. Hood*

**United States District Judge**