UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JAMES D. LYONS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:05-405-JMH |
| | ) |
| v. | ) |
| | ) |
| CHARLES G. RAY, M.D., | ) **MEMORANDUM OPINION AND ORDER** |
| | ) |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

Before the Court is Plaintiff James D. Lyon's motion to reconsider this Court's summary judgment order entered March 1, 2007 [Record No. 107]. The parties have fully briefed the motion, and this matter is ripe for review.

**I.   BACKGROUND**

Lyons was incarcerated at the Federal Medical Center at Lexington ("FMC Lexington") from January 30, 2001, until July 5, 2001. Defendant Charles G. Ray is a board certified urologist who has contracted with FMC Lexington to provide medical care to inmates housed at the facility. Beginning on February 22, 2001, Defendant treated Lyons at FMC Lexington for a pre-existing urethral stricture condition. Pursuant to a previous physician's orders, Lyons had been self-catheterizing to treat the condition since 1998.

During the February 22 visit, Defendant assessed Lyons' stricture condition as stable and recommended a urethrogram. On March 23, 2001, Lyons received a urethrogram at the defendant's

office.  On April 19, 2001, Lyons again visited Dr. Ray at FMC Lexington and informed the doctor that he had not been able to self-catheterize for a week due to an inflammatory condition.  Dr. Ray prescribed antibiotics.  On May 17, 2001, Lyons again saw Dr. Ray and complained of being unable to urinate.  Dr. Ray was unable to catheterize him at FMC Lexington.  Dr. Ray saw Lyons at his Lexington office the next day and succeeded in catheterizing Lyons with a Foley catheter that remained in place for three days.  Dr. Ray instructed Lyons to resume self-catheterization afterward and prescribed antibiotics for Lyons' urinary tract infection.  Lyons claims that, after this catheterization procedure was performed, he noticed further damage to his urethral opening and ulcerations.

   This case was originally filed in the United States District Court for the Northern District of Ohio on July 31, 2003.  The Ohio court granted Defendant's motion to dismiss for lack of personal jurisdiction and transferred the claims to this Court on October 3, 2005.  On October 6, 2006, the defendant filed a motion for summary judgment.  The plaintiff filed a response to the defendant's motion for summary judgment within the time allowed by the local rules but claims that this was not his response on the merits, as he was not aware that the defendant was permitted to file a dispositive motion.  On December 6, 2006, the plaintiff filed another response that, at sixty-four pages, exceeded the page limit allowed by Local Rule 7.1(d).  On March 1, 2007, this Court entered an order

striking Plaintiff's December 6 response and granting summary judgment on all counts. The plaintiff filed his motion to alter, amend, or vacate the summary judgment order on March 19, 2007.

## II. STANDARD OF REVIEW

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) should be granted only where there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The motion does not serve as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a party should not use this motion "to raise arguments which could, and should, have been made before judgment issued." *Id.* (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

## III. ANALYSIS

Plaintiff's motion to alter, amend, or vacate effectively re-argues the summary judgment motion. However, Plaintiff also claims he was not aware that the defendant was permitted to file a summary judgment motion in light of Magistrate Judge Todd's order suspending the dispositive motion deadline [Record No. 52] and that the Court did not adequately inform Plaintiff of the consequences of a summary judgment motion and of his responsibility to respond. *See United States v. Ninety-Three Firearms*, 330 F.3d 414, 427 (6th

3

Cir. 2003). Therefore, in an abundance of caution, the Court has considered its order granting summary judgment in light of the arguments raised by the plaintiff in his motion to reconsider.

Plaintiff has still not presented any expert testimony on the applicable standard of care. This is fatal to his case. Plaintiff argues that the defendant was negligent in opting for a conservative treatment to his urethral stricture. Negligence in medical malpractice cases must generally be established by expert testimony. *Morris v. Hoffman*, 551 S.W.2d 8, 9 (Ky. App. 1977). As discussed more fully in this Court's summary judgment order, proper treatment of urethral stricture is not an issue a lay person can understand without the benefit of expert testimony. Likewise, the plaintiff has still not shown where the defendant made any admission of a technical nature from which negligence can be inferred. Therefore, the exceptions to the expert testimony requirement do not apply in this case. *See Perkins v. Hausladen*, 828 S.W. 2d 652, 654-55 (Ky. 1992).

The plaintiff has provided evidence that there are alternative, less conservative treatments for urethral stricture. He has also provided evidence that the conservative treatment failed. However, the plaintiff has not provided credible evidence that, under the circumstances, the defendant's choice of the conservative treatment violated the standard of care. Therefore, summary judgment is appropriate on Plaintiff's negligence claims.

It is also evident from Plaintiff's motion to reconsider that his claim of conspiracy to knowingly continue ineffective treatment and intentionally withhold necessary medical treatment is based on 42 U.S.C. § 1983.  Plaintiff argues that "deliberate indifference may be established by a showing of grossly inadequate care as well as a decision to take an easier but less efficacious course of treatment." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).  This deliberate indifference standard requires an analysis of the defendant's conduct against a standard of care.  Therefore, Plaintiff's failure to provide expert evidence is also fatal to this claim.

Accordingly, **IT IS ORDERED** that Plaintiff's motion to reconsider [Record No. 107] be, and the same hereby is, **DENIED.**

This the 1st day of May, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge